# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0273V
UNPUBLISHED

| | |
|---|---|
| LAURI HAINSFURTHER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 16, 2022<br><br>Special Processing Unit (SPU);<br>Petitioner's Motion for a Decision<br>Dismissing the Petition; Influenza<br>(Flu) Vaccine; Guillain-Barre<br>Syndrome (GBS) |

*Randel Gilbert Mathis*, Mathis & Donheiser, P.C., Dallas, TX, for Petitioner.

*Naseem Kourosh*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On March 11, 2020, Lauri Hainsfurther filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré syndrome ("GBS") caused-in-fact by the influenza ("flu") vaccine she received on September 19, 2018. Petition at 1, ¶¶ 2, 14. Petitioner further alleged that her "GBS has persisted for more than six months" (*id.* at ¶ 15), but the record as it currently stands lacks sufficient evidence to establish at least six months of GBS sequelae. Order to Show Cause, issued Apr. 27, 2022, at 1, 6, ECF No. 43; *see* Section 11(c)(1)(D)(i) (statutory six-month severity requirement).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 16, 2022, Petitioner moved for a decision dismissing her petition, acknowledging that insufficient evidence exists to demonstrate entitlement to compensation. ECF No. 44. She acknowledged in her motion "that she will be unable to prove that she is entitled to compensation in the Vaccine Program . . . [and that] to proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program." *Id.* at ¶¶ 1-2. "Petitioner does intend to protect her rights to file a civil action in the future . . . [and] intends to elect to reject the Vaccine Program judgment against her and elect to file a civil action." *Id.* at ¶ 5.

To receive compensation under the Program, Petitioner must prove that she received a vaccine covered by the Vaccine Program and then suffered either 1) a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) an injury that was actually caused by a covered vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Additionally, the Vaccine Act requires that a petitioner provide evidence to establish that she suffered the residual effects of her injury for more than six months or suffered an in hospital surgical intervention before compensation can be awarded. Section 11(c)(1)(D).

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner suffered the residual effects of her GBS for more than six months. For these reasons, and in accordance with Section 12(d)(3)(A), **Petitioner's claim for compensation is <u>DENIED</u> and this case is <u>DISMISSED</u> for insufficient proof. The Clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.